**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY LLOYD, | No. 11-35272 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05734-BHS |
| v. | |
| CHIEF MIKE POWELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Former Washington state prisoner Larry Lloyd appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and deliberate indifference to his serious medical needs.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *White v. Roper*, 901 F.2d 1501, 1503 (9th Cir. 1990), and we affirm.

The district court properly granted summary judgment on the retaliation claim because Lloyd failed to raise a genuine dispute of material fact as to whether defendants' housing decisions were based on a retaliatory motive rather than legitimate correctional goals. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff must show allegedly retaliatory action did not advance legitimate correctional goals).

The district court properly granted summary judgment on the medical deliberate indifference claim because, even assuming that Lloyd had a serious medical condition, Lloyd failed to raise a genuine dispute of material fact as to whether defendants disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health or safety, and a mere difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion by denying Lloyd's request to compel additional discovery or his request to continue defendants' summary judgment motion until Lloyd received additional discovery because Lloyd failed to show how the additional discovery was necessary to defeat summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requirements under former Fed. R. Civ. P. 56(f)); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting the trial court's broad discretion in discovery matters).

Lloyd's contentions that the district court failed to review the complete record and resolved factual disputes are unsupported by the record.

**AFFIRMED.**